# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-005V
**(not to be published)**

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | Special Master Corcoran |
| MARION EUGENE HAYWARD, | \* | |
| Petitioner, | \* | Filed: July 16, 2018 |
| v. | \* | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Howard Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 5, 2015, Marion Eugene Hayward filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] In it, Mr. Hayward alleged that the influenza ("flu") vaccine he received on January 7, 2012, caused him either to experience a left brain cerebrovascular accident ("CVA"), plus stroke and a thromboembolic condition that same day, or that those conditions were significantly aggravated by the flu vaccine.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

Petition at 1, Mot. at 1. On May 4, 2018, I issued a Decision on entitlement denying Petitioner's motion for decision on the record and dismissing the Petition. Decision, ECF No. 38.

Before me now is Petitioner's final application for attorney's fees and costs. ECF No. 41 ("Fees App."). Petitioner requests a total of $36,179.16 (representing $25,829.00 in attorney's fees, and $10,350.16 for costs incurred) in compensation for the work of her counsel, Mr. Howard Gold. Fees App. at 1. Pursuant to General Order #9, Petitioner indicates that she has not incurred any out-of-pocket expenses in pursuit of the claim. *Id.*

Respondent reacted to the motion on July 12, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for a final award of fees and costs. *See* Response (ECF No. 42) at 2. Respondent is otherwise satisfied that the statutory requirements for an award of attorney's fees and costs are met, and ask that I determine a reasonable award. *Id.* at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding attorney's fees and costs in the total amount of **$34,504.16**.

## ANALYSIS

I.  **A Final Award of Fees and Costs is Appropriate**

I have in prior decisions set forth at length the criteria to be applied when determining if fees should be awarded for an unsuccessful claim. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if his claim fails, but to do so he must demonstrate the claim's reasonable basis[3] through some objective evidentiary showing and in light of the "totality of the circumstances." The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

Although Petitioner was not successful in pursuing his claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. I do not doubt that Mr. Hayward brought

---

[3]Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

his claim in a good-faith belief that the flu vaccine caused his injuries, and the claim possessed sufficient objective support to meet the second half of the reasonable basis test. Accordingly, an award of attorney's fees and costs is proper at this time.

## II.   Calculating Amount of Final Award

Because I have determined that the matter possessed reasonable basis I must now evaluate what amount of award is proper. In any Vaccine Program case in which fees are sought, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Turning to the rates requested for Mr. Gold, I find them to be reasonable. Petitioner requests that Mr. Gold be compensated at $360.00 - $380.00 per hour for work performed from 2014-2017, and at $125.00 per hour for all paralegal tasks performed. Fees App. at 5-9. Mr. Gold has been found by other special masters to be entitled to in-forum rates, and the hourly rates sought here have been consistently awarded as well. *See Gentry v. Sec'y of Health & Human Servs.*, No. 16-1108V, 2018 WL 2805457 (Fed. Cl. Spec. Mstr. May 11, 2018); *Zamora v. Sec'y of Health &*

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

*Human Servs.*, No. 16-567V, 2018 WL 1310485 (Fed. Cl. Spec. Mstr. Feb. 13, 2018); *Karl v. Sec'y of Health & Human Servs.*, No. 14-36V, 2016 WL 6069200 (Fed. Cl. Spec. Mstr. Sept. 20, 2016). Accordingly, no adjustment to the rates sought is required.

Additionally, the hours spent on this matter appear to be reasonable. This is the first application for attorney's fees sought in this case, which was filed early in 2015. Although the matter was decided without an entitlement hearing, Petitioner filed numerous medical records as well as two expert reports and a motion for a ruling on the record (along with its corresponding reply brief). Respondent also has not indicated any that he finds any particular entry to be objectionable. Therefore the time billed requires no reduction. Accordingly, I will award Petitioner **$25,829.00** in attorney's fees.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests that his two experts, Dr. David Axelrod and Dr. Marcel Kinsbourne, each be paid $500.00 per hour for their time spent conducting research and preparing expert reports in this matter. I have previously considered Dr. Axelrod's hourly rate and found that $450.00 is a more appropriate rate to compensate him. *See Lemaire v. Sec'y of Health & Human Servs.*, No. 13-681V, 2016 WL 5224400, at *5-6 (Fed. Cl. Spec. Mstr. Aug. 12, 2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *15-17 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). I find that the five hours billed by Dr. Axelrod in this case are reasonable, and thus will award a total of **$2,250.00** for the work performed by Dr. Axelrod, a reduction of **$250.00**.

Similarly, I have recently considered the hourly rate of Dr. Kinsbourne and found that $400.00 per hour is an appropriate rate. *See Gowan v. Sec'y of Health & Human Servs.*, No. , 2018 WL 1835100, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2018); *L.M. v. Sec'y of Health & Human Servs.*, No. 14-714V, 2017 WL 5382907, at *5 (Fed. Cl. Spec. Mstr. Sept. 29, 2017); *Faro v. Sec'y of Health & Human Servs.*, No. 10-704V, 2015 WL 5654330, at *4 (Fed. Cl. Spec. Mstr. Oct. 15, 2014). I will therefore reduce Dr. Kinsbourne's rate (consistent with my past decisions) and will compensate him at $400.00 per hour for the 14.25 hours of work performed, resulting in an award of **$5,700.00** for expert services, a reduction of **$1,425.00**.

Petitioner also seeks **$725.16** in non-expert costs, representing the cost of the filing fee and obtaining medical records. Fees. App. at 10. Petitioner has provided the necessary documentation

for these costs and I find them to be reasonable. Accordingly, I will award these costs in full. In total, Petitioner is entitled to a total amount of **$8,675.16** in costs.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$34,504.16** (representing $25,829.00 in attorney's fees and $8,675.16 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Howard Gold, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.